# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | | |
|---|---|---|
| CHARLES E. AYCOCK, JR., MICHAEL STRACUZZI and ELIZABETH STRACUZZI,<br>    Plaintiffs,<br><br>  v.<br><br>ANTHONY J. PRINCIPI, SECRETARY OF DEPARTMENT OF VETERANS AFFAIRS and DEPARTMENT OF VETERANS AFFAIRS,<br>    Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | 1:02CV437 |

## RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

This matter is before the court on Defendant's motion for summary judgment (docket no. 39). There has been no response to the motion although the time for response has long since run. The matter is ripe for disposition. For the reasons which follow, it will be recommended that the motion be granted.

This court entered a lengthy Recommendation in favor of summary judgment on May 21, 2003 (docket no. 27). Plaintiffs objected and the district court adopted the Recommendation in part as to the state law tort claims for libel, slander, and intentional/negligent infliction of emotional distress; the breach of contract claims under the National Labor Relations Act; and the constitutional due process claims. As to the remainder of the Recommendation dealing with discrimination claims under Title VII of the Civil Rights Act of 1964 (as amended by the Civil Rights Act of 1991)

and the Age Discrimination in Employment Act, however, the district court declined to adopt, citing Plaintiffs' professed need for discovery.

Now that a substantial period of time has expired since the entry of the district court's Order and Judgment, Defendant has again moved for summary judgment. In support of the motion, Defendant cites the court to his original summary judgment motion; the memorandum in support of the motion with attachments; and Defendant cites Plaintiffs' statements in open court at the initial pre-trial conference to the effect that they did intend to conduct discovery and that, at the conference, Plaintiffs declined to propose a pre-trial schedule.

There is no need for Defendant or this court to re-plow the same ground as already plowed in the original summary judgment moving papers or the Recommendation. Not one piece of additional evidence has been presented by Defendant or by Plaintiffs in the interim between the district court's Order and Judgment and Defendant's second summary judgment motion. Accordingly, for the reasons already stated in the Recommendation filed on May 21, 2003, IT IS RECOMMENDED that Defendant's motion for summary judgment (docket no. 39) be GRANTED. To insure that Plaintiffs are fully informed of the reasons for this Recommendation, the clerk is DIRECTED to mail the Recommendation of May 21, 2003, along with this Recommendation to Plaintiffs in the standard *Roseboro* mailing.

                                        _____
                                        Wallace W. Dixon
                                        United States Magistrate Judge

November 4, 2005